UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LAKESHA BELL-WILSON                                                                                 PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:09cv147-CWR-FKB

JUDGE WILLIAM SKINNER, Individually,
and in his Official Capacity as Hinds County
Youth Court Judge, ROBERT GRAHAM,
DOUGLAS ANDERSON, PEGGY HOBSON
CALHOUN, PHILIP FISHER,  and GEORGE
S. SMITH, Individually, and in their Official
Capacity as Members of the Hinds County
Board of Supervisors; and VERN GAVIN,
Individually, and in his Official Capacity as
County Administrator for Hinds County                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration of Judgment [Docket No. 57] filed March 29, 2011.  Plaintiff seeks reconsideration of the Court's March 4, 2011 [Docket No. 56] Order granting summary judgment in favor of defendants in this cause. Defendants filed a Response in Opposition to this motion on April 13, 2011 [Docket No. 58]. Having considered the submissions, the record in this case and the relevant legal authorities, the Court finds that Plaintiff's Motion should be denied.

Although Plaintiff has not indicated under which rule she seeks the requested relief, the Court will construe it as one filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure since it was filed within 28 days of the entry of the final judgment.  *Cavender v. Pearson*, 2011 WL 1403038, *1 (S.D. Miss. 2011).

"Reconsideration of a judgment is an extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments or present evidence that could have been raised prior to entry of judgment." *Sevel v. BP Products North America*, 2010 WL 2776369, *1 (S.D. Miss. 2010)(citations omitted).  As articulated in *Atkins v. Marathon Le Tourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990):

> Only three possible grounds for any motions for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice.

Plaintiff does not make a peep about any of the above grounds to support her request for reconsideration.  In fact, however, her request is premised upon nothing more than that which she argued in response to defendants' motion for summary judgment.  For nine pages, she regurgitates the arguments that this Court has already heard and rejected.  She then closes it with the following statement: "Plaintiff submits that there are genuine issues of material fact to be decided by a jury and that this case should not be dismissed and should proceed to trial." [Docket No. 57], at 10.  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id*.

Plaintiff has failed to articulate any reason why this Court should reconsider its ruling, and she has failed to meet the requisite legal standard for the Court to grant a Motion pursuant to Fed.R.Civ.P 59(e).  Having considered the relevant case law, Plaintiff's reiteration of her previous arguments and the response of the defendants, the Court finds that Plaintiff's Motion for Reconsideration should be DENIED.

Accordingly, it is,

ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration of Judgment [Docket No. 57] is Denied.

SO ORDERED AND ADJUDGED this the 28th day of April, 2011.

                                             s/Carlton W. Reeves
                                             UNITED STATES DISTRICT JUDGE